[Cite as *Cleveland v. Marrero*, 2025-Ohio-2869.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| CITY OF CLEVELAND, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 114985 |
| v. | : | |
| JOSE MARRERO, | : | |
| Defendant-Appellant. | : | |

**JOURNAL ENTRY AND OPINION**

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** August 14, 2025

Criminal Appeal from the Cleveland Municipal Court
Case No. 2024-CRB-008949

***Appearances:***

Mark Griffin, Cleveland Director of Law, Aqueelah A. Jordan, City of Cleveland Chief Prosecutor, and Aric Kinast, Assistant Prosecutor, *for appellee.*

Law Office of Victor O. Chukwudelunzu, LLC and Victor Chukwudelunzu, *for appellant.*

EILEEN A. GALLAGHER, A.J.:

{¶ 1} Defendant-appellant Jose Marrero ("Morrero") has appealed his conviction in the Cleveland Municipal Court of violating Cleveland Cod.Ord. 433.08 – Trick or Stunt Riding Prohibited.

**{¶ 2}** Appellant has presented three assignments of error:

I. The trial court erred in denying Appellant's Crim.R. 29 motion for acquittal where the evidence was legally insufficient to sustain a conviction under Cleveland Codified Ordinance §433.08.

II. The trial court's judgment was against the manifest weight of the evidence, as Appellant's mere presence at the location of a stunt driving event, without any active participation, facilitation, or promotion, does not support a finding of guilt.

III. The ordinance as applied to Appellant is unconstitutionally vague and overbroad, in violation of the Due Process Clauses of the Ohio and United States Constitutions.

**{¶ 3}** The appellee, City of Cleveland, has conceded assignment of error number one specifically stating, "After fully reviewing the record, the Appellee has determined that it failed to present any evidence or testimony about the actual Trick or Stunt driving. Therefore, the Appellee concedes error because it did not provide sufficient evidence and cannot dispute Appellant's first assignment of error."

**{¶ 4}** Appellee's concession to assignment of error No. 1 renders the remaining assignments of error moot.

**{¶ 5}** Accordingly, the trial court did err in finding Morrero guilty and we vacate the conviction and remand this matter to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, ADMINISTRATIVE JUDGE

MICHELLE J. SHEEHAN, J., and
EMANUELLA D. GROVES, J., CONCUR